UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         Case No. 20-20448-5

JAMES DAVIS,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE FROM CUSTODY**

Defendant James Davis is charged with Conspiracy to Distribute Controlled Substances in Count Two of a superseding indictment. (ECF No. 34.) Defendant's charge stems from his alleged involvement in a violent drug-trafficking organization known as It's Just Us ("IJU"). (*Id.*; ECF No. 172, PageID.682; ECF No. 178, PageID.756.) Before the court is Defendant's "Motion for Pretrial Release." (ECF No. 172.) Defendant requests that the court "place him back on supervised release" until trial. (*Id.*, PageID.684.)

In October 2020, Defendant was granted pretrial release by Magistrate Judge Whalen. (ECF No. 26.) The government, in response, filed a motion to revoke the order of release, arguing that Defendant was a danger to the community by virtue of his affiliation with IJU and role as a heroin trafficker. (ECF No. 23, PageID.54.) Following a hearing and notwithstanding the government's presentation, the court permitted Defendant's pretrial release but imposed certain zero-tolerance conditions that would

result in revocation of his pretrial release upon a violation. Subsequently, in August 2021, the court relaxed Defendant's home detention conditions to accommodate his potential employment. (ECF No. 178, PageID.757; ECF No. 172, PageID.683.) However, a mere four days later, Defendant violated his curfew by over three hours, and instead of informing a Pretrial Services officer of where he was or why he was late, Defendant's only explanation was that he was "tired of living in a basement and being treated like a child." (ECF No. 178, PageID.757-58; ECF No. 172, PageID.683-84; ECF No. 131, PageID.434.) Moreover, on the day of the hearing for his violation, Defendant tested positive for opiates, to which Defendant admitted using in violation of his release conditions; the court consequently revoked his pretrial release, and he has been incarcerated since August 31, 2021. (ECF No. 178, PageID.757-58; ECF No. 172, PageID.683-84.)

Defendant correctly notes that pretrial release is appropriate upon the court's finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." (ECF No. 172, PageID.684 (quoting 18 U.S.C. § 3142(e)(1).) However, in light of the charges against Defendant and his past defiance of court-ordered release conditions, Defendant fails to convince the court that he will appear when needed and is not a danger to the community.

As the government points out, the circumstances of Defendant's charge provide important context: at the time Defendant allegedly took part in a conspiracy to distribute heroin, he was a member of the violent street gang IJU. (*See* ECF No. 34; ECF No. 178, PageID.761.) He affiliated himself with IJU co-conspirators who engaged in acts of

2

intimidation and physical violence, and he was allegedly present during some of the brutal attacks that IJU perpetrated on others. (ECF No. 178, PageID.756-57; ECF No. 34, PageID.145-46.) While Defendant maintains that he feels remorse for his actions, would commit to drug rehabilitation programs, and hopes to return to his place of employment (ECF No. 172, PageID.685), his aspirations do not mitigate the past four years he spent as a member of IJU and his prior, deliberate refusal to abide by court-imposed release restrictions.

    Moreover, insofar as Defendant believes that the court should reopen a hearing to once again determine whether pretrial release is warranted, the court disagrees. A court has discretion to reopen a hearing pursuant to 18 U.S.C. 3142(f)(2), which provides that a hearing "may" be reopened if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person . . . and the safety of any other person and the community." Yet, there is no information presented to the court that was "not known to the movant" previously. *See United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (explaining there must be "new" information relevant to the likelihood of appearance at trial and a defendant's danger to the community); *United States v. Meeks*, No. 10-20123, 2011 WL 4407448, at *3 (E.D. Mich. Sept. 22, 2011) (Roberts, J.) ("Courts have interpreted strictly the statutory provision authorizing the reopening of a detention hearing, holding that hearings should not be reopened if the evidence proffered was available at the time of the hearing.").

While Defendant's motion purports to argue that he has "a drug dependency issue," his motion expressly notes that "counsel has recognized" this issue "since [Defendant's] initial detention hearing," which was "discussed during the pretrial release hearing in August 2021." (ECF No. 172, PageID.684.) This is not new information, nor is Defendant's purported "eager[ness] to work again." (*Id.*, PageID.685.) And, crucially, this information is largely unrelated to the critical issues before the court, namely whether Defendant is a danger to the community and whether he will appear for trial. *United States v. Sandles*, 9 F. App'x 377, 379 (6th Cir. 2001) ("[T]o justify reopening the detention hearing, the information had to be sufficiently material to the issue of dangerousness."). The court fails to see how Defendant's renewed promises to comply with conditions of release and to act as a contributing member of society constitute "new" and "material" information relating to either of those themes—Defendant has already made such promises but demonstrated a willingness to disobey the court's orders. *See United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009), *aff'd,* 511 F. App'x 391 (6th Cir. 2013) ("New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character . . .: truly changed circumstances, something unexpected, or a significant event."); *United States v. Johnson*, No. 2:21-CR-00707-WJM, 2022 WL 375319, at *2 (D.N.J. Feb. 8, 2022) (finding that Defendant's assertion of trustworthiness and intent to appear at trial were "nothing more than the sort of self-evaluation of one's own character that courts have rejected" as a basis for modification of a pretrial release order).

4

In short, the court is unconvinced that Defendant (1) will obey court orders to appear when required and (2) will not present a danger to the community upon release. Given the circumstances of his charges and violations of court-ordered conditions of his release, another opportunity to prove otherwise is not warranted. Accordingly,

IT IS ORDERED that Defendant's "Motion for Pretrial Release" (ECF No. 172) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  April 5, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2022, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20.20448.5.DAVIS.MotionForPretrialRelease.MAZ.docx